# EX PARTE MIRZAN.

## ORIGINAL.

Submitted December 20, 1886. — Decided January 10, 1887.

This court will not issue a writ of *habeas corpus*, even if it has the power (about which no opinion is expressed), in cases where it may as well be done in the proper Circuit Court, if there are no special circumstances in the case making direct action or intervention by this court necessary or expedient.

Statement of Facts.

This was a motion for leave to file a petition for a writ of *habeas corpus.* The allegations were that the petitioner was a citizen of the United States temporarily residing in Alexandria, in Egypt, in the Ottoman Dominions, in 1880; that while there at that time he was accused of the murder of one Alexander Dahon in Alexandria; that by direction of the then Secretary of State, Horace Maynard, Esq. then Minister of the United States at Constantinople proceeded to Alexandria for the purpose of presiding over his trial on that accusation; that he was arraigned before Mr. Maynard on a criminal information presented by George O. Batchellor, and held to answer for a capital crime without presentment or indictment by a grand jury, and without a trial by jury or by any person except the minister; that he was convicted and, by the said minister, was sentenced to death; that thereafter by order of the President of the United States he was removed from the Ottoman Dominions to the penitentiary at Albany, in the state of New York; that he was at the time of the motion deprived of his liberty and held in custody in said penitentiary under color of authority of the United States; that during all these times it was time of peace, and not time of war or public danger; and that the case did not arise in the land or naval forces or in the militia of the United States, nor was the petitioner at any time in such forces or militia. The petition alleged that all these acts took place without warrant of law, and were void, and in violation of the Constitution and laws of the United States, and of the rights of the petitioner as a citizen of the United States, for various reasons which were set forth at length in the petition. The prayer of the petition was as follows:

" Wherefore your petitioner prays that the writ of *habeas corpus* do issue from this court, directed to John McEwen, the Warden of the Penitentiary of the state of New York at Albany, commanding him, on a day certain therein to be named, to bring before this court the body of the petitioner, together with the cause of his detention, and to abide such further orders as your Honors and this court may direct.

" And your petitioner further prays that each, every, and all

the proceedings aforesaid, and the sentence aforesaid, may be declared by this court to be null and void; and that the petitioner be released and discharged from the custody and imprisonment in which he is now held by color of the authority of the United States."

Mr. *Lorenzo Ullo* for petitioner.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. As since the act of March 3, 1885, 23 Stat. 437, an appeal lies to this court from the judgments of the Circuit Courts in *habeas corpus* cases, this court will not issue such a writ, even if it has the power — about which it is unnecessary now to express an opinion — in cases where it may as well be done in the proper Circuit Court, if there are no special circumstances in the case making direct action or intervention by this court necessary or expedient. In this case there are no such special circumstances; and the application may as well be made to the Circuit Court for the Northern District of New York as here. Our right to exercise this discretion is shown by the principles on which the decisions in *Ex parte Royall*, Nos. 1 and 2, 117 U. S. 241, and *Ex parte Royall*, 117 U. S. 254, rest. This practice was suggested by us and followed in *Wales* v. *Whitney*, 114 U. S. 564.       *Denied.*