MORGAN, Warden, v. SYLVESTER et al.

(Circuit Court of Appeals, Eighth Circuit. March 24, 1916.)

No. 4534.

1. CRIMINAL LAW ⊜⇒200(3)—FORMER "JEOPARDY"—IDENTITY OF OFFENSES.

It is not double "jeopardy" to convict and punish one, who broke into a post office and stole stamps therefrom, for larceny, under Penal Code (Act March 4, 1909, c. 321) § 47, 35 Stat. 1097 (Comp. St. 1913, § 10214), as well as for the breaking and entering, under section 192 (section 10362), though the larceny was in a sense a continuation of the breaking and entering.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 396; Dec. Dig. ⊜⇒200(3).

For other definitions, see Words and Phrases, First and Second Series, Jeopardy.]

2. HABEAS CORPUS ⊜⇒30(1)—GROUNDS FOR RELIEF—ERROR.

Error, if any, in convicting one who stole stamps from a post office, under Penal Code, § 47, which provides for the punishment of larceny of property belonging to the government, rather than under section 190, which provides for the punishment of stealing any mail bag or other property in use by or belonging to the Post Office Department, was available to defendant on his trial, and on writ of error to the conviction, but it cannot be questioned by habeas corpus proceedings to procure discharge from the sentence of imprisonment.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ⊜⇒30(1).]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by Sam Sylvester and another against Thomas W. Morgan, as Warden. From a judgment discharging the petitioners, respondent appeals. Reversed and remanded, with instructions to set aside the order discharging the prisoners and remand them to custody.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellant.

P. Louis Zickgraf, of Pittsburg, Kan. (John L. Kirkpatrick, of Pittsburg, Kan., on the brief), for appellees.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

ADAMS, Circuit Judge. The appellees, Sylvester and Wulle, were jointly indicted in the District Court of the United States for the Northern District of Ohio, in one count for burglarizing a post office at Mt. Blanchard, Ohio, in violation of the provisions of section 192 of the federal Penal Code, and in another count for stealing certain property of the United States from and out of that post office, in violation of the provisions of section 47 of the Penal Code. In due course of procedure they were tried, found guilty as charged, and sentenced by the court to be imprisoned in the United States penitentiary at Leavenworth, Kan., for different periods of time on each count. The

term of imprisonment on the second count was to begin at the expiration of the term imposed on the first count. Pursuant to their convictions and sentences they were in due time delivered into the custody of the appellant, who was warden of the penitentiary, and entered upon the service of their sentences.

Prior to the expiration of their terms of service on the first count they joined in a petition to the District Court of the United States for the District of Kansas for a writ of habeas corpus to secure their release from imprisonment at the expiration of the sentence imposed on the first count, and to be discharged from any imprisonment imposed on the second count. The warden filed his response, setting forth the facts already disclosed, with exhibits properly authenticating the same. Afterwards, on final hearing, the District Court ordered and adjudged that the petitioners be discharged at the expiration of their terms of imprisonment imposed on the first count of their indictment. From this order the warden appeals.

These are the assignment of errors:

"The court erred in holding that the sentences pronounced by the trial court upon the petitioners, and each of them, on the second count of the indictment, was and is illegal and void.

"The court erred in holding that said sentences so pronounced upon the petitioners, and each of them, placed the said petitioners, and each of them, twice in jeopardy for the same offense as that charged in the first count of the indictment.

"The court erred in granting the application for the writ of habeas corpus, and directing that the petitioners, and each of them, be released from imprisonment at the expiration of the term of imprisonment imposed upon the first count of the indictment."

Conceding, for the purpose of this case (as counsel for appellant apparently does), but not deciding it, that the petitions for writ of habeas corpus were not improperly applied for before the expiration of the term of imprisonment imposed on the first count conceded to be lawful, we proceed to a consideration of the question raised by the assignment of errors: Did the sentence for the crime of larceny, as charged in the second count of the indictment, amount to double jeopardy and was it for that reason illegal?

Section 192 reads as follows:

"Whoever shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined not more than one thousand dollars and imprisoned not more than five years."

Section 47 reads as follows:

"Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

[1] Counsel for appellees contend that the offense of larceny charged in the second count, based on section 47, was only a continuation of the offense of burglary charged in the first count based on section 192;

that the two were one continuing offense, and constituted only one crime, for which they could lawfully be punished. In support of their contention they rely upon the following cases: Halligan v. Wayne, 102 C. C. A. 410, 179 Fed. 112; Munson v. McClaughry, 117 C. C. A. 180, 198 Fed. 72, 42 L. R. A. (N. S.) 302; Stevens v. McClaughry, 125 C. C. A. 102, 207 Fed. 18, 51 L. R. A. (N. S.) 390; and O'Brien v. McClaughry, 126 C. C. A. 540, 209 Fed. 816. These cases give countenance to their contention, and upon their authority the learned trial judge made the order appealed from in this case.

After those cases were decided, and before the judgment appealed from was rendered in the District Court, the Supreme Court of the United States handed down its opinion in the case of Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1150, in which it disapproved of the doctrine announced in the cases supra, saying (Mr. Justice Day delivering the opinion of that court) as follows:

"We think that it is manifest that Congress in the enactment of these sections [190–192—section 190 being practically the same as section 47 involved in the present case] intended to describe separate and distinct offenses, for in section 190 [47] it is made an offense to steal any mail bag or other property belonging to the Post Office Department, irrespective of whether it was necessary, in order to reach the property, to forcibly break and enter into a post office building. The offense denounced by that section is complete when the property is stolen, if it belonged to the Post Office Department, however the larceny be attempted. Section 192 makes it an offense to forcibly break into or attempt to break into a post office, with intent to commit in such post office a larceny or other depredation. This offense is complete when the post office is forcibly broken into, with intent to steal or commit other depredation. It describes an offense distinct and apart from the larceny or embezzlement which is defined and made punishable under section 190 [47]. If the forcible entry into the post office has been accomplished with the intent to commit the offenses as described, or any one of them, the crime is complete, although the intent to steal or commit depredation in the post office building may have been frustrated or abandoned without accomplishment. And so, under section 190 [47], if the property is in fact stolen, it is immaterial how the post office was entered, whether by force or as a matter of right, or whether the building was entered into at all. It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses. Notwithstanding there is a difference in the adjudicated cases upon this subject, we think the better doctrine recognizes that, although the transaction may be in a sense continuous, the offenses are separate, and each complete in itself."

To the same effect is the case of Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151.

On the authority of these cases, the contention of the appellees cannot be sustained. There was no double jeopardy in the sentence imposed on the second count. The two counts charged two separate offenses, and they were punishable separately according to the provisions of the sections of the statute quoted.

[2] The point was made by appellees' counsel in their brief that the conviction for the crime of larceny on the second count, based on section 47, was illegal and void, because the articles charged to have been stolen were postage stamps, for the stealing of which more apt provision is alleged to have been made in section 190.

It is argued that section 47 is broad and comprehensive in its character, making provision generally for the punishment of stealing "any money, property, record, voucher or valuable thing whatever of the moneys, goods, chattels, records or property of the United States," while section 190 makes specific provision for the punishment of stealing "any mail bag or other property in use by or belonging to the Post Office Department." It is argued that postage stamps, which were the subject of the larceny in the second count of the indictment, fall under the description of "property" referred to in section 190, and do not fall so accurately under the description of property made the subject of larceny by section 47, and that as a result the indictment should have been based on section 190, instead of section 47.

If there is any merit in this contention, as to which we express no opinion, it was available to the appellees in the trial court as a defense to the indictment, and afterwards, if necessary, by writ of error, from the United States Circuit Court of Appeals for the Sixth Circuit. No such defense having been there made, and the point now raised not having been presented to or ruled upon by the trial court, it cannot now be availed of. A habeas corpus case cannot be made to serve the purposes of a writ of error. To this well-known proposition of law no citation of authority is necessary.

The judgment must therefore be reversed, and the cause remanded to the District Court, with instructions to set aside the order discharging the prisoners, and remand them to the custody of the warden of the penitentiary, there to remain until the terms of their sentences, as pronounced, shall expire.