PHILLIPS v. BIDDLE, Warden, etc.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1926.)

No. 7183.

1. Post office ⊙⟹51—Defendant, convicted on several counts, each charging theft of different mail bag, held improperly sentenced to seven years on each count (Penal Code, § 35, as amended, and section 190 [Comp. St. §§ 10199, 10360]).

Indictment containing 10 counts, each charging theft of different mail bag, *held* brought under Penal Code, § 190 (Comp. St. § 10360), not under section 35, as amended (Comp. St. § 10199), and hence defendant, convicted on all counts, was improperly sentenced to term of seven years on each count, to be served concurrently; maximum sentence authorized on each count being but three years.

2. Criminal law ⊙⟹1188.

Where it is possible for judge who has imposed an excessive sentence to again pass on same matter, case should be sent to him for resentence.

3. Post office ⊙⟹44.

Theft of each of several mail bags taken at same time is a separate offense, under Penal Code, § 190 (Comp. St. § 10360).

4. Criminal law ⊙⟹995(6)—Sentence on particular count held not intended to be served concurrently with sentence on other counts, in view of court's indication of total imprisonment intended.

Where defendant was convicted under 10 counts charging theft of 10 different mail bags, and under eleventh count charging theft of contents of such mail bags, and sentenced to 7 years on each of the first 10 counts, to be served concurrently, and 5 years on the eleventh count, "making 12 years' imprisonment in all," *held*, sentence on eleventh count was not intended to run concurrently with sentence on other counts.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by Merle Phillips for a writ of habeas corpus, to be directed against W. I. Biddle, Warden of the United States Penitentiary, Leavenworth, Kan. From an order sustaining a motion to dismiss the petition and denying the writ, petitioner appeals. Order affirmed, with provision that prisoner be remanded to District Judge for resentence.

Frans E. Lindquist, of Kansas City, Mo., for appellant.

Al. F. Williams, U. S. Atty., and Alton H. Skinner and John N. Free, Asst. U. S. Attys., all of Topeka, Kan., for appellee.

. Before STONE, KENYON, and BOOTH, Circuit Judges.

STONE, Circuit Judge. This is an appeal from an order sustaining a motion to dismiss a petition for habeas corpus and to deny the writ.

The only questions involved relate to the sentences imposed. The indictment was in 11 counts. Each of the first 10 counts was for the theft of a different mail bag from the Chicago & Council Bluffs railway post office at Council Bluffs on November 13, 1920. Count 11 was for the theft of the contents of the above 10 mail bags. Appellant pleaded guilty and the sentence was for 7 years on each of the first 10 counts, to be served concurrently, and a sentence of 5 years under count 11, "making 12 years imprisonment in all."

Appellant contends that the sentences on the first 10 counts are excessive beyond the 3-year maximum authorized by section 190 of the Penal Code (Comp. St. § 10360) and that the sentence on count 11 must be construed as concurrent with the other sentences. As he began sentence in March, 1921, he contends that, with allowances for good behavior, he was entitled to his release when his petition was filed in the district court, January 29, 1925.

[1] I. The first 10 counts of the indictment are under section 190 of the Penal Code and not under section 35, as amended (Comp. St. § 10199),.as contended by the government. While section 35 might, under its very general terms, cover the theft of any property belonging to the government and while the mail bag is such character of property, yet section 190 deals specifically with the theft of mail bags or property in use by or belonging to the Post Office Department. Therefore, the contention of appellant is correct that the court had no authority to sentence him on any one of these counts for a longer term than 3 years.

[2] In this connection, the appellant contends that only the excess of the sentence is illegal. In a sense this is true and would be controlling were there but one count in the indictment. However, there is no presumption that the court would have made this maximum sentence on each count to run concurrently had he been apprised, at the time of sentence, that the maximum was but 3 years. On the contrary, the sentence makes it very clear that the court intended a total punishment of 12 years, of which 5 years should be on count 11 and 7 years on the other counts. The court could easily have accomplished this, under the law, by so arranging the sentences on the first 10 counts that some of them should run con-

secutively and thus make up 7 years. Where it is possible for the judge who imposed the sentence to again pass upon the matter, the case should be sent to him for resentence as to the counts involved. It is wrong that where there is statutory authority for the total sentence which the court clearly intended to impose, and where the case can be returned for resentence, that the prisoner should escape part of the just punishment due him through a mistake in the form of the sentence.

[3] The case of Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151, is direct authority that the theft of each bag was a separate offense, even though all of the bags were taken in the same theft. Therefore, the court could here impose consecutive sentences under the first 10 counts.

The case should be returned for resentence on the first 10 counts.

[4] II. The contention that sentence under count 11 must be construed to be served concurrently with sentence on the other counts is not well taken. U. S. v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309, settles that matter. The court here made it very clear that he intended the sentence on the eleventh count to be served consecutively after sentences on the other counts.

### Conclusion.

As there is no claim of right to release if sentence on count 11 is not to be served concurrently, the trial court was right in sustaining the petition and denying the writ. That order is affirmed, with the provision that the prisoner be remanded to Judge Wade for the sole purpose of resentence under the first 10 counts of the indictment.