## DOCKTER v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
March 7, 1928.

No. 7908.

1. **Habeas corpus ⬨➙4—On contention indictment was under law other than that under which sentence was imposed, remedy was writ of error, not habeas corpus (Cr. Code, §§ 46, 190 [18 USCA §§ 99, 313]).**

Where indictment for robbery of blank money orders from United States post office was sufficient to charge a crime, either under Criminal Code, § 190 (18 USCA § 313), or under section 46 (18 USCA § 99), authorizing different punishment, contention that indictment was under section other than that under which sentence was imposed must be raised by writ of error, and cannot be tested by habeas corpus.

2. **Habeas corpus ⬨➙87—That application for dismissal of writ was filed by wrong person held immaterial, where court might have dismissed application, irrespective of motion.**

The fact that application for writ of habeas corpus was dismissed on motion filed by one who was not warden of penitentiary at such time *held* not to entitle petitioner to discharge, where court might have dismissed application, irrespective of motion, because it failed on its face to state a ground authorizing issuance of writ.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application for habeas corpus by Samuel Dockter against T. B. White, Warden of the United States Penitentiary at Leavenworth, Kan. Order of dismissal, and petitioner appeals. Order sustained.

Samuel Dockter, in pro. per.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, U. S. Atty., both of Topeka, Kan., and L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal from the dismissal of an application for a writ of habeas corpus. The appellant and another were indicted on the charge that they did "unlawfully, wrongfully, and feloniously, with intent to defraud the United States of America, C. C. Cantrell and other persons whose names are to the grand jurors unknown, steal, take and carry away twenty (20) blank money orders, the number of which are to the grand jurors unknown, of the value of one ($1.00) dollar, from the possession of C. C. Cantrell, said postmaster, said money order blanks being then and there

the property of the United States for the use and benefit of the post office at Haskell, Oklahoma, and so taken from the possession of the said C. C. Cantrell without his knowledge and consent by the said Edgar E. Thompson and Samuel Dockter, with the fraudulent and felonious intent on the part of the said defendants to appropriate same to their own use and benefit, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America." Upon a plea of guilty, he was sentenced to pay a fine upon execution and to serve ten years in the penitentiary. After having served three years of the sentence, he applied for a writ of habeas corpus on the ground that the sentence was in excess of that allowed by law and that he has served the maximum sentence which could lawfully be imposed. If his contention be true, he is entitled to the writ. Cardigan v. Biddle, 10 F.(2d) 444, this court.

His contention is that the indictment is under section 313, tit. 18, U. S. C. A. (Criminal Code, § 190), which authorizes a maximum imprisonment of only three years. The government claims that he was indicted under section 99, tit. 18, U. S. C. A. (Criminal Code, § 46). Section 99 is as follows:

"*Robbery of Personal Property of United States.* Whoever shall rob another of any kind or description of personal property belonging to the United States, or shall feloniously take and carry away the same, shall be fined not more than $5,000, or imprisoned not more than ten years, or both." R. S. § 5456; Act March 4, 1909, c. 321, § 46, 35 Stat. 1097.

Section 313 is as follows:

"*Stealing Post-Office Property.* Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than $200, or imprisoned not more than three years, or both." R. S. § 5475; Act March 4, 1909, c. 321, § 190, 35 Stat. 1124.

[1] A comparison of the indictment with the language of these two sections convinces that it might be construed to be under either of these two sections. The appellant might, for this crime, have been charged under section 99. Jolly v. United States, 170 U. S. 402, 18 S. Ct. 624, 42 L. Ed. 1085. The indictment is sufficient for a charge under that section and the court so construed the indictment in

fixing the punishment. Such an attack upon the validity or the meaning of the indictment might have been determined upon a writ of error from the judgment and sentence. This court has decided that such a contention must be raised by writ of error and cannot be tested by habeas corpus. Morgan v. Sylvester (C. C. A.) 231 F. 886.

[2] This application for the writ was dismissed upon a motion filed by W. I. Biddle, instead of T. B. White, who does not appear in this record. Appellant contends that his writ was aimed at White, who was then the warden in whose custody he was held and that Biddle had ceased to be warden theretofore. Therefore, appellant contends that there was error in sustaining the motion and dismissing the application. Counsel for Biddle concede, in their brief, that he was not warden at the time. It is clear that Biddle had no place in this case but that White, if he was the warden restraining appellant, was the proper one to appear. However, as appellant alleges he is restrained by White, he is not entitled to a discharge but, at the most, to setting aside of the order of dismissal on the motion and a grant of an order against White to show cause. However, the court had authority without any motion to examine the application for the writ, and, if it revealed no cause for discharge upon its face, to deny it. In re Lancaster, 137 U. S. 393, 11 S. Ct. 117, 34 L. Ed. 713; also see In re Huntington, 137 U. S. 63, 11 S. Ct. 4, 34 L. Ed. 567, and Ex parte Mirzan, 119 U. S. 584, 7 S. Ct. 341, 30 L. Ed. 513. From what has been said above, it is evident that the court might here have dismissed the application, irrespective of the motion, because it did not on its face state a ground which would authorize the issuance of the writ. Therefore, the order dismissing the application should be sustained.