982

## ADAMS v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
March 29, 1929.

No. 8342.

Frans E. Lindquist, of Kansas City, Mo., for appellant.

Marlin S. Casey, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before LEWIS, Circuit Judge, and WOODROUGH, District Judge.

WOODROUGH, District Judge. The petitioner for habeas corpus was convicted of burglarizing a post office and stealing postal funds therefrom as charged against him in two counts of an indictment. One of the counts for burglarizing was laid under section 192 of the Penal Code (18 USCA § 315), which carries a maximum penalty of five years' imprisonment, and the other under section 190 of the Penal Code (18 USCA § 313), where the maximum imprisonment is three years. Without referring particularly to the counts, the court sentenced the petitioner to serve eight years' imprisonment and petitioner is now and has been since February 11, 1924, confined pursuant to the sentence. His claim is that the part of his sentence which is in excess of the maximum five years that could have been imposed under the burglarizing count is void.

The contention is without merit. It is well settled that, although committed at the same time, the two offenses were distinct, and both penalties were applicable. Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. The single sentence, which did not exceed the maximum penalties that could be imposed, is valid. Myers v. Morgan (C. C. A.) 224 F. 413; Donegan v. Snook (D. C.) 6 F.(2d) 640; Howard v. Moyer (D. C.) 206 F. 555; Blake v. Moyer (C. C. A.) 208 F. 678.

The case of U. S. v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309, relied upon by petitioner, turned merely upon the interpretation of a sentence claimed to be ambiguous, and has no application.

The judgment of the trial court, denying the writ of habeas corpus, should be affirmed; and it is so ordered.