## MORRISON v. WHITE, Warden.

Circuit Court of Appeals, Tenth Circuit.
July 29, 1929.

No. 105.

Frans E. Lindquist, of Kansas City, Mo., for appellant.

Al. F. Williams, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. On March 14, 1925, the petitioner, Frank Morrison, was tried and convicted upon an indictment containing three counts, the first charging a violation of section 192 of the Penal Code (U. S. C. title 18, § 315 [18 USCA § 315]), the second charging a violation of section 46 of the Penal Code (U. S. C. title 18, § 99 [18 USCA § 99]), and the third charging a vio-

lation of section 190 of the Penal Code (U. S. C. title 18, § 313 [18 USCA § 313]).

Section 46, supra, reads as follows:

"Whoever shall rob another of any kind or description of personal property belonging to the United States, or shall feloniously take and carry away the same, shall be fined not more than $5,000, or imprisoned not more than ten years, or both."

Section 190, supra, reads as follows:

"Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than $200, or imprisoned not more than three years, or both."

The court sentenced petitioner to confinement in the penitentiary at Leavenworth, Kan., for a period of five years on the first count and ten years on the second count, the latter sentence to commence at the expiration of the sentence on the first count. No sentence was imposed on the conviction on the third count.

The charging part of the second count of the indictment reads, in part, as follows:

"That on * * * the 7th day of January, A. D. 1924, * * * in the * * * District of North Dakota, * * * Frank Morrison * * * did then and there wilfully, unlawfully and feloniously, take, steal and carry away from a building in Garrison, * * * North Dakota, then and there used in part as a post office building by the United States * * * certain personal property which then and there belonged to the United States, to-wit: Certain postage stamps of the United States, United States stamped envelopes and United States postal cards * * * and certain money of the value of $285.39. * * *"

In his petition for habeas corpus, the petitioner sets up that section 46 of the Penal Code, in so far as it makes larceny of property of the United States an offense, was repealed by section 190 of the Penal Code; that the second count of the indictment was in fact predicated upon section 190 of the Penal Code; that three years is the maximum sentence which could have been lawfully imposed upon him under section 190 of the Penal Code; that eight years is the maximum sentence which could have been lawfully imposed upon him for the violation of counts one and two of the indictment; that he has served one-third of the valid portion of the sentence of eight years, and has complied

with the rules and regulations of the penitentiary, and would be eligible for parole but for such alleged excessive sentence.

The penal laws of the United States were codified, revised, and amended by the Act of March 4, 1909, now known as the Penal Code. This revision included both sections 46 and 190. Section 46 deals generally with the larceny of property of the United States. Section 190 deals with the larceny of property in use by or belonging to the Post Office Department.

While it is true that section 46 was drawn from the Act of March 2, 1867, and section 190 was drawn from the Act of June 8, 1872, in view of the wider scope of section 46 and the fact that both were included in the revision of the penal laws, we do not think section 46 was repealed by section 190.

In the case of Jolly v. United States, 170 U. S. 402, 18 S. Ct. 624, 42 L. Ed. 1085, the Supreme Court held that larceny of postage stamps from a post office falls within the provisions of section 46. The Eighth Circuit reached a similar conclusion in Dockter v. White, Warden (C. C. A.) 25 F.(2d) 74.

The second count of the indictment charges the larceny of property belonging to the United States. It does not allege that the stamps, stamped envelopes, postal cards, and money were "property in use by or belonging to the post office department." It is appropriately drawn under section 46.

It is our opinion that the second count of the indictment was based upon section 46, that the sentence imposed thereon is valid, and that the judgment should be affirmed.