**ROBINSON v. UNITED STATES.**

**No. 12789.**

Circuit Court of Appeals, Eighth Circuit.

April 20, 1944.

Harry Lashkowitz, Asst. U. S. Atty., of Fargo, N. D. (P. W. Lanier, U. S. Atty., of Fargo, N. D., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

In 1931, the appellant forcibly broke into a building at Voltaire, North Dakota, used in part as a post office, with intent to commit larceny in the part of the building so used, and so violated Section 192 of the Federal Penal Code, 18 U.S.C.A. § 315. He also, at the same time and place, stole $74.14, which was then and there a part of the postal revenues of the Post Office Department of the United States and personal property of the United States. Though committed at the same place, on the same occasion, the acts constituted two distinct crimes, punishable severally. Adams v. White, 8 Cir., 31 F.2d 982. Having plead guilty to both counts of an indictment charging the felonious acts, he was properly sentenced in a single sentence. Idem. But the term of imprisonment imposed upon him was ten years. His appeal presents his contention that the maximum lawful penalty was eight years, i. e., a maximum of five years on the first count and a maximum of three years for the larceny.

The imprisonment penalty for his forcible breaking into the building with the intent charged was "not more than five years" under section 192, and the real question is as to the imprisonment permitted for stealing the $74.14. If the punishment for that stealing is measured by section 46 of the Penal Code, 18 U.S.C.A. § 99, it could extend to ten years and the ten year sentence was lawful, but if it should be measured by section 190 of the Penal Code, 18 U.S.C.A. § 313, it could ex-

tend "not more than three years", and the ten year sentence was unauthorized.

■ Section 190 is clear and unambiguous and prescribes a penalty of "not more than three years imprisonment" for stealing any property belonging to the Post Office Department. But section 46, which provides ten years imprisonment, may appear ambiguous. It denounces "Whoever shall rob another of any kind or description of personal property belonging to the United States," and, following a comma, "or shall feloniously take and carry away the same." There would seem to be an uncertainty whether "the same" as used in the context means United States property of which another has been robbed by an offender, or whether it means United States property of any description. But the Supreme Court, having the section before it in Jolly v. United States, 170 U.S. 402, 404, 405, 18 S.Ct. 624, 625, 42 L.Ed. 1085, said concerning it, without discussion, that there was set forth in it "the crime of feloniously taking and carrying away any kind or description of personal property belonging to the United States," and this court is bound by that interpretation.

■■ But the decision does not control the question in this case. Here the larceny count of the indictment specifically charges that the money taken was "a part of the postal revenues of the Post Office Department," and, as stated section 190 makes larceny of any property belonging to the Post Office Department a special offense for which "not more than three years" imprisonment may be imposed. So that, although the larceny of any property of the United States in general may be punished by ten years imprisonment, it is forbidden to impose more than three years for larceny of that particular United States property which belongs to the Post Office Department. Elementally, the special stands against the general. That is, where there is a law against any stealing, and another and different law against stealing some particular thing, the two laws do not invalidate each other by conflict, but the courts treat the law against stealing the particular thing as presenting an exception to the law against stealing things in general. They enforce the exception. The special mandate of section 190, forbidding "more than three years" imprisonment for larceny of the particular property that is Post Office property, must therefore prevail over the ten year term permitted for larceny of United States property in general.

"It is an old and familiar rule that 'where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.'" United States v. Chase, 135 U.S. 255, loc.cit. 260, 10 S.Ct. 756, 757, 34 L.Ed. 117.

Or as stated in the briefer modern way:

"General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment." Ginsberg & Sons v. Popkin, 285 U.S. 204, loc.cit. 208, 52 S. Ct. 322, 323, 76 L.Ed. 704.

In United States v. Zenith Radio Corp., D.C.Ill., 12 F.2d 614, the court said at page 618:

"It is elementary that where there is, in an act, a specific provision relating to a particular subject, that provision must govern in respect to the subject as against general provisions in the act, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates. Endlich, Interpretation of Statutes, § 216; Swiss National Insurance Co. v. Miller, 53 App. D.C. 173, 289 F. 571, 576; Washington v. Miller, 235 U.S. 422, 428, 35 S.Ct. 119, 59 L.Ed. 295; U. S. v. Nix, 189 U.S. 199, 205, 23 S.Ct. 495, 47 L.Ed. 775; Townsend v. Little, 109 U.S. 504, 519, 3 S.Ct. 357, 27 L.Ed. 1012. This rule is particularly applicable to criminal statutes in which the specific provisions relating to particular subjects carry smaller penalties than the general provision."

The question here involved came squarely before us in Phillips v. Biddle, 15 F.2d 40, and we there noted that the limit of imprisonment under section 190 was three years, and said at page 41:

"While section 35 [18 U.S.C.A. §§ 80, 82–86] might, under its very general terms, cover the theft of any property belonging to the government and while the mail bag is such character of property, yet section 190 [18 U.S.C.A. § 313] deals specifically with the theft of mail bags or property in

use by or belonging to the Post Office Department. Therefore, the contention of appellant is correct that the court had no authority to sentence him on any one of these counts for a longer term than 3 years."

In Price v. United States, 5 Cir., 74 F.2d 120, the statutes considered were not the same as those here involved, but the same principles were applicable. The court said:

"Section 87 deals specially, among other things, with the larceny of arms furnished or to be used for the military or naval service, whereas section 100 provides punishment for the larceny of all kinds of personal property belonging to the United States. Both statutes, it is true, punish larceny, but the punishment provided in one denounces larceny of a particular kind of property specially; whereas the other relates not to the kind of property stolen, but to the offense of larceny generally. The particular is entitled to preference over the general statute."

In Morrison v. White, 10 Cir., 34 F.2d 244 (transferred from the old 8th circuit), the petition for habeas corpus presented that petitioner had been convicted of forcibly entering a post office with intent to steal and of stealing postage stamps, stamped envelopes, postal cards and money therein, but it was held that a ten year sentence for the stealing could not be held unauthorized in habeas corpus proceedings because the indictment charged that the property stolen belonged to the United States and "does not allege that the stamps, stamped envelopes, postal cards, and money were 'property in use by or belonging to the post office department.'" 34 F.2d loc. cit. 245. A substantially similar situation was presented in Dockter v. White, 8 Cir., 25 F.2d 74, where the petitioner for habeas corpus had also broken into a post office and stolen blank money orders therein. It was alleged in the indictment to which he had plead guilty that the property stolen was "the property of the United States for the use and benefit of the post office at Haskell, Oklahoma, and so taken from the possession of the said C. C. Cantrell without his knowledge and consent by the said Edgar E. Thompson and Samuel Dockter, with the fraudulent and felonious intent on the part of the said defendants to appropriate same to their own use and benefit." It was the opinion of the court that the indictment might be construed under either section 46 or section 190 and that the "attack upon the validity or the meaning of the indictment might have been determined upon a writ of error" and the contentions against the sentence could not be tested by habeas corpus. There was no unequivocal charge that the property stolen belonged to the Post Office Department as in this case. The same judge wrote the opinion for the court who wrote Phillips v. Biddle, supra, and pointed out that "section 190 deals specifically with the theft of * * * property * * * belonging to the Post Office Department."

We think it settled that eight years imprisonment was the maximum penalty for the two offenses charged against this appellant and the ten years sought to be imposed exceeded such maximum. It is surprising as it is shocking that so many misguided persons break into country post offices and steal post office property. They are soon brought in to the penitentiaries and there find persons incessantly conning the words and punctuation of the criminal code, and so the penalty for these offenses must be kept clear. The sentence was imposed February 26, 1938, and although appellant states in his brief that he has served the eight year maximum, allowing for good time, and is entitled to be discharged, the record before us does not establish such right.

The case must be remanded to the district court (Nordbye, D. J.) from whence it comes, with direction to ascertain the time that has been served by appellant, and if it reaches the maximum of a sentence of eight years to discharge him, otherwise to vacate the sentence of February 26, 1938, and to re-sentence him as of that date in accordance herewith.

JOHNSEN, Circuit Judge (dissenting).

I am not convinced that an offense may not be charged, conviction had, and sentence imposed, under section 46 of the Criminal Code, 18 U.S.C.A. § 99, for a larceny of money belonging to the United States, but happening also to constitute postal revenue.

I am quite sure that, ever since Jolly v. United States, 1898, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085, it has been generally assumed that it could. The Supreme Court there affirmed a conviction under this section, for a larceny of postage stamps from a post office.

This court, citing the Jolly case, thereafter declared, in Dockter v. White, 1928, 8 Cir., 25 F.2d 74, that one who had stolen some blank money orders from the possession of a postmaster, which were alleged to be "the property of the United States for the use and benefit of the post office at Haskell, Oklahoma," "might, for this crime, have been charged under section 99", 18 U.S.C.A. §: 99, Criminal Code § 46. The defendant had been given a ten year sentence under this section. After he had served three years—the maximum imprisonment which could be imposed under section 190 of the Criminal Code, 18 U.S.C.A. § 313—he sought his release on the ground that the balance of his sentence was illegal and void. He contended, as does appellant here, that since the blank money orders were property of the Post Office Department, the crime was and could only be one under section 190, and that the court therefore was without power to impose a prison sentence in excess of three years, and that, having served all of his valid term, he was legally entitled to be released. This court denied his right to a release.

The crime charged in the present case is just as much a violation of section 46, and is as directly charged to be so, as were the offenses in the Jolly and Dockter cases. The indictment charges that appellant "did commit the offense of violating the provisions of Section 46 of the Federal Penal Code", in that he did "feloniously, steal and carry away from a building used in part as a post office building of the United States at Voltaire, North Dakota; certain personal property of the United States, to-wit: $74.14, * * * said money being then and there a part of the postal revenues of the Post Office Department of the United States of America". Appellant thus was specifically charged with stealing "personal property of the United States", in violation of "the provisions of Section 46 of the Federal Penal Code". This seems to me a plainly adequate basis for jurisdiction to deal with the offense as one under that section, and most certainly so where the situation is unattacked.

Appellant made no attack, but plead guilty to the offense as charged. The court's journal entry recites that, on this plea, he was convicted of violating section 46. Sentence was imposed on him for a violation of that section. He took no appeal from the form of the order of conviction or the sentence. With the indictment thus reciting that it was laid under section 46, with the money thus expressly charged to be "personal property of the United States", with a plea of guilty thus entered to the charge as made, with a conviction thus entered by the court on section 46, and with a sentence thus imposed for a violation of that section, I can see nothing in the situation that entitles appellant, five years later, to a vacation of his sentence as illegal and void.

The majority opinion says that section 190 should be held to be a special and exclusive statute for all Post Office Department property. I do not believe that the circumstances of the present case reach to that question. But, if the question is entitled to consideration here, and if it can be claimed that the section originally was intended as a special and exclusive statute, any construction now attempted to be made of it, as an initial declaration, must reasonably, it seems to me, take into account that for forty-six years the right optionally to charge an offense under section 46— at least as to such property as money, postage stamps, money orders, and the like —has in actual practice been read into section 190, from the declaration of the Jolly case and by general acceptance of its expression. The construction of a statute, like any other judicial task, is not just a consideration of artificial canons, but a recognition of accepted realities as well.

If, at this late date, and on this occasion, it seems desirable to make any exposition of section 190 as a special and exclusive statute, I would hold that any such character which it now possesses is limited to equipment and instruments of the mail service and of the incidental operations of the Department such as maintaining a post office building. This seems to me a reasonable construction from the very specifications made in the section, of "any mail bag", of appropriating any "property to * * * any other than its proper use", and of conveying away any property "to the hindrance or detriment of the public service". Phillips v. Biddle, 8 Cir., 15 F. 2d 40, fits readily in with such a construction, for the property there involved was mail bags.

I would affirm the judgment of the district court.