Melvin Joseph CONERLY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19643.

United States Court of Appeals Ninth Circuit.

Aug. 21, 1965.

Donald P. Newell, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Benjamin S. Farber, Barry Tarlow, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and ELY, Circuit Judges.

BARNES, Circuit Judge.

Appellant, appearing in propria persona, takes this appeal from the district court denial of his motion for relief under 28 U.S.C. § 2255.

Appellant entered a voluntary plea of guilty on September 17, 1963, in the United States District Court for the Southern District of California, Central Division,[1] to Count II of an indictment, charging him with violating 18 U.S.C. § 641,[2] by having "received, concealed

1. See original Clerk's File, No. 32532.

2. Title 18 United States Code, Section 641 provides as follows:
    "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any prop-

erty made or being made under contract for the United States or any department or agency thereof; or
    "Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
    "Shall be fined not more than $10,-000 or imprisoned not more than ten years, or both; but if the value of such

and retained, with intent to convert to his own use 95 United States Postal Money Order [sic], one validating stamp * * * one set of limitation stamps, one office rubber stamp having a value in excess of $100," knowing that such property had been stolen from the United States. He was convicted on said plea. Counts I and III of the said indictment were then dismissed.[3]

Previously, appellant had entered a not guilty plea to all three counts. Count I charged that appellant had forcibly broken into a building used as a United States Post Office, an alleged violation of 18 U.S.C. § 2115. Count III charged appellant with resisting and assaulting a federal officer (a postal inspector), an alleged violation of 18 U.S.C. § 111.[4]

Counsel was appointed, with appellant's consent, on August 19, 1963. Almost a month later, on September 17, 1963, appellant signed and filed a petition, as did his attorney, requesting leave to enter a plea of guilty to Count II only. In his petition to enter a plea of guilty, both he and his attorney signed the usual form used in the district court. It requires (and there was placed on it) information in five blank spaces, plus the

date and signature of the appellant. The attorney signed the certificate recommending such plea, and the court granted it, accepting the plea of guilty.[5]

In a letter to the trial judge asking for a reduction of his ten year sentence (which request appellant states was denied), appellant stated his belief that his sentence reflected the mistaken notion on the court's part that he had participated in the burglary of the Post Office. He had been charged with breaking into a United States Post Office, but that charge had been dismissed. He had not pled guilty to any charge of theft or breaking into a Post Office. His sentence on what he did plead guilty to (and has as yet never denied, i. e., receiving, concealing and retaining property stolen from the United States) was not more than the statutory limit of ten years.

█ Appellant asserts on this appeal that he should not have been prosecuted under 18 U.S.C. § 641, but rather under 18 U.S.C. § 1707,[6] which latter section, he asserts, preempted the field with respect to the criminal charge of stealing, possessing, etc., property "used by the Post Office Department."[7] The short answer is that appellant could not have

property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater."

3. See original Clerk's File, minutes of September 17, 1963.

4. The indictment in No. 32532 was a superseding indictment to a similar indictment in No. 32496. The indictments were the same except that the original charged defendant in Count III with using a deadly and dangerous weapon, to-wit: a 32 calibre Smith & Wesson revolver. That omission is here irrelevant.

5. See pp. 3–8, inclusive, original Transcript of Record on Appeal.

6. Title 18 United States Code, Section 1707 provides as follows:

"Whoever steals, purloins, or embezzles any property used by the Post Office Department, or appropriates any

such property to his own or any other than its proper use, or conveys away any such property to the hindrance or detriment of the public service, shall be fined not more than $1,000 or imprisoned not more than three years, or both; but if the value of such property does not exceed $100, he shall be fined not more than $500 or imprisoned not more than one year, or both."

7. When appellant's appeal came on for hearing in this court on March 1, 1965, without appearance for either side, the matter was submitted. However, on March 3, 1965, this court, on its own motion, entered an order vacating submission and asking for further briefs on behalf of appellant and of the government, and the court apointed counsel to prepare the brief for appellant, and to appear and argue the matter before this court on June 4, 1965. This court appointed Donald Newell, Esq., a member of the Los Angeles County Bar Association's Federal Indigent Defense

been charged under § 1707 with knowingly "receiving, concealing and retaining property stolen from the United States," for the three acts conjunctively charged do not fall within the definition of "stealing, purloining, embezzling, appropriating or conveying" property, the only actions mentioned in § 1707. And this is true even if we draw no distinction between property "owned" by the United States (§ 641) and property "used" by the United States (§ 1707).

> " * * * the test of identity of offenses is generally stated to be 'whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statute.'" Thomas v. United States, 249 F.2d 429 (9th Cir. 1957), quoting from Rayborn v. United States, 234 F.2d 368 (6th Cir. 1956), which in turn quotes from Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 715, 59 L.Ed. 1153 (1915).

See also Milanovich v. United States, 365 U.S. 551, 555, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), which we do not believe to be in point.

In the court below, appellant had originally urged only three grounds as a basis for his relief under § 2255:

(a) that the indictment failed to state an offense;

(b) that the sentence imposed was excessive;

(c) that he was not afforded adequate assistance of counsel.

Relief was denied on all three grounds, and we hold such denial was proper. (Clk's Tr. 24–26.)

Committee, who has represented his indigent client ably and without compensation. We thank him, and the firm with which he is associated, for effort and conduct consonant with the high ideals and concepts of our Ninth Circuit Bar.

**8.** For the essentiality of the ownership of the property by the United States, see

■ After entry of this original denial, petitioner then filed a petition for rehearing, wherein he raised for the first time his theory that when property is stolen from a Post Office, § 1707 preempts § 641, to-wit: one who "received, concealed and retained" such property, "with intent to convert it to his own use" (using the language of 18 U.S.C. § 641), can only be charged with "appropriating" such property to his own use, or "conveying it away to the hindrance or detriment of the public service," in the language of, and under, 18 U.S.C. § 1707.

We cannot agree. The two sections define different crimes. Section 641 in its second paragraph (the only portion here concerned) requires possession of property stolen from the United States plus a subjective intent to convert to the possessor's use or gain; section 1707 requires an actual conversion by stealing, purloining, embezzling or *appropriating*, or by the conveying away of property. Moreover, as indicated above, section 641 refers to property *owned by* the United States; [8] § 1707 refers to property *used by*, but not necessarily owned by, the United States.

Knowledge that the property of the United States was stolen, plus mere possession thereof, together with an intent to knowingly possess are the three essentials of the second paragraph of § 641; [9] possession is not required by § 1707 (although it may be concomitant with an appropriation or a conveying); but more important, *knowledge that the property was stolen* is not an essential element of § 1707. Thus the two sections are not the same, nor do they relate necessarily to similar actions.

■ It could only be if both sections relate to the *same criminal act* that we

Wilson v. United States, 158 F.2d 659, 663 (5th Cir.), cert. denied 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294 (1947).

**9.** Cf. Morissette v. United States, 342 U.S. 246, 271, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

can consider whether a statute making it a special offense to steal property from a Post Office controls over the more general offense of stealing any property that belongs to the United States.

Appellant relies largely upon Robinson v. United States, 142 F.2d 431 (8th Cir. 1944), but that case, unlike this, relates to a charge of larceny, i. e., a taking, from a Post Office. Appellant was not here charged with stealing from a Post Office. Such a charge was never made against this appellant.

> "Elementally, the special stands against the general. That is, where there is a law against any stealing, and another and different law against stealing some particular thing, the two laws do not invalidate each other by conflict, but the courts treat the law against stealing the particular thing as presenting an exception to the law against stealing things in general. They enforce the exception. The special mandate of section 190, forbidding 'more than three years' imprisonment for larceny of the particular property that is Post Office property, must therefore prevail over the ten year term permitted for larceny of United States property in general.
>
> " 'It is an old and familiar rule that "where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." ' United States v. Chase, 135 U.S. 255, loc. cit. 260, 10 S.Ct. 756, 757, 34 L.Ed. 117."

Robinson v. United States, 142 F.2d 431, 432 (8th Cir. 1944).

Robinson v. United States, supra, disapproved of Morrison v. White, 34 F.2d 244 (10 Cir. 1929) and Dockter v. White, 25 F.2d 74 (8th Cir. 1928) and relied instead upon Phillips v. Biddle, 15 F.2d 40 (8th Cir. 1926), cert. denied 274 U.S. 735, 47 S.Ct. 576, 71 L.Ed. 1311 (1927).

The dissent in Robinson v. United States, supra, stated that the issue already had been settled by the Supreme Court in Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085 (1898). There the Supreme Court affirmed a conviction under the then general section (18 U.S.C. § 99) for a larceny of postage stamps from a Post Office, though the special section (18 U.S.C. § 313) relating to stealing from a Post Office was on the statute books.

But Robinson v. United States failed to discuss an earlier eighth circuit case, Morgan v. Sylvester, 231 F. 886 (1916), where the court said:

> "If there is any merit in this contention, as to which we express no opinion, it was available to the appellees in the trial court as a defense to the indictment, and afterwards, if necessary, by writ of error, from the United States Circuit Court of Appeals for the Sixth Circuit. No such defense having been there made, and the point now raised not having been presented to or ruled upon by the trial court, it cannot now be availed of. A habeas corpus case cannot be made to serve the purposes of a writ of error. To this well-known proposition of law no citation of authority is necessary." Id. at 889.

The eighth circuit reaffirmed Morgan v. Sylvester, supra, in Dockter v. White, 25 F.2d 74 (8th Cir. 1928).

This circuit ruled in Palomino v. United States, 318 F.2d 613, 616, cert. denied 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed.2d 264 (1963), reh. denied 375 U.S. 989, 84 S.Ct. 520, 11 L.Ed.2d 476 (1964):

> "It is the general rule that an indictment, not questioned at trial or

on direct appeal, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. See Fiano v. United States, 9 Cir., 291 F.2d 113, 114. We do not believe that count one of the instant indictment is defective in this sense. All of the essential elements were either alleged or are necessarily to be implied from what was alleged."

And in United States v. Koptik, 300 F.2d 19 (7th Cir.), cert. denied 370 U.S. 957, 82 S.Ct. 1609, 8 L.Ed.2d 823 (1962), where a defendant sought to attack the validity of an indictment on a "2255 motion," the court held at page 22 of 300 F.2d:

"An indictment is not open to collateral attack under section 2255 unless it fails to charge an offense under any reasonable construction. * * * The indictment in question clearly charges an offense and is valid on its face."

We need not rely, however, on this technical rule that appellant failed to question an indictment that was not obviously defective. As indicated above, we hold it was proper to indict appellant under 18 U.S.C. § 641, for violation of the second paragraph thereof—namely, for knowingly receiving and concealing certain postal money orders and other property stolen from a United States Post Office, with intent to convert such property to his own use or gain. This was *not* a crime for which he could be prosecuted under 18 U.S.C. § 1707. The two statutes describe two different crimes. Cf. Sullivan v. United States, 149 F.2d 753 (8th Cir. 1945), treating with and differentiating Robinson v. United States, supra.

The judgment of the district court denying the petition for rehearing of appellant's § 2255 motion is affirmed.