**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bobby H. PURSLEY, Defendant-**
**Appellant.**

**No. 28981**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 19, 1970.

Certiorari Denied Oct. 26, 1970.
See 91 S.Ct. 123.

Bobby H. Pursley, pro se.

Eldon B. Mahon; U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Under Rule 35, Fed.R.Crim.P., Bobby H. Pursley attacks the sentence levied upon him for theft of postage stamps and cash from a post office substation in a department store.[1] The grand jury indicted and the district court convicted Pursley of violating 18 U.S.C. § 641, the general statute for theft of Government property.[2] Pursley contends that he violated 18 U.S.C. § 1707, which prohibits theft of "any property used by the Post Office Department".[3] The sig-

---

1. Under our Rule 18 this case is decided without oral argument.

2. 18 U.S.C. § 641:
    Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

    Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *

3. 18 U.S.C. § 1707:
    Whoever steals, purloins, or embezzles any property used by the Post Office Department, or appropriates any such property to his own or any other than

nificance of the distinction is that § 641 permits a maximum of ten years imprisonment—received by Pursley—whereas § 1707 permits a maximum penalty of only three years imprisonment.

Generally in statutory construction, the specific takes precedence over the general. The predecessor of § 1707 applied to property "in use by or belonging to the Post-Office Department".[4] Act of Mar. 4, 1909, ch. 321, § 190, 35 Stat. 1124. It was this language that caused the Eighth Circuit in Robinson v. United States, 8 Cir. 1944, 142 F.2d 431, to conclude that the three-year penalty preempted the ten-year penalty for theft of cash. The Robinson court was unwilling to assume that Congress gratuitously enacted the predecessor of § 1707. It was more logical to believe that the predecessor of § 641 was a general provision that covered the gaps left by specific statutes such as § 1707. Robinson quoted the language from United States v. Chase, 1890, 135 U.S. 255, 10 S.Ct. 756, 34 L.Ed. 117, 119, that

> [i]t is an old and familiar rule that, "where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." This rule applies wherever an Act contains general provisions and also special ones upon a subject, which,

standing alone, the general provisions would include.

But Congress has revised the criminal code since the Robinson decision. In this revision, Congress substituted the language "used by" for the language "in use by or belonging to" in § 1707. Thus, the statute now reads:

> Whoever steals, purloins, or embezzles any property used by the Post Office Department, or appropriates any such property to his own or any other than its proper use, or conveys away any such property to the hindrance or detriment of the public service, shall be fined not more than $1,000 or imprisoned not more than three years, or both. \* \* \*

According to the Reviser's Notes, the substitution took place "in order to limit the application of the section [1707] to property *used by* the Post Office Department. Theft of public property *belonging to* governmental departments is covered by section 641 of this title". H.R. Rep.No.304, 80th Cong., 1st Sess. A117 (1947) (emphasis supplied).

Thus, Congress has distinguished ownership from use with regard to these criminal prosecutions. The grand jury here indicted Pursley on charges of theft of postage stamps and cash. We have no doubt that these items *belonged to* the Post Office, a department of the United States, and were not simply *used by* it. Therefore, we conclude that the indictment under § 641 was proper and should stand. *See* United States v. Leeman, D. Neb.1967, 287 F.Supp. 279, aff'd, 8 Cir. 1968, 398 F.2d 835, cert. denied, 1969, 393 U.S. 1035, 89 S.Ct. 653, 21 L.Ed.2d

---

its proper use, or conveys away any such property to the hindrance or detriment of the public service, shall be fined not more than $1,000 or imprisoned not more than three years, or both \* \* \*.

4. Act of Mar. 4, 1909, ch. 321, § 190, 35 Stat. 1124:
   Whoever shall steal, purloin, or embezzle any mail bag or other property in use

by or belonging to the Post-Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than two hundred dollars, or imprisoned not more than three years, or both.

580; *cf.* Conerly v. United States, 9 Cir. 1965, 350 F.2d 679, 680–683.[5]

We affirm the judgment of the district court.

5. We observe also that the Supreme Court in Jolly v. United States, 1898, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085, sustained a conviction for theft of postage stamps under the predecessor of § 641. It does not appear, however, that the Court was there presented with the issue whether the predecessor of § 1707 should take precedence in such cases.