### SULLIVAN v. UNITED STATES.

No. 13050.

Circuit Court of Appeals, Eighth Circuit.

June 15, 1945.

Frank H. Sullivan, pro se.

Matthew A. Brown, Asst. U. S. Atty., of Chamberlain, S. D. (George Philip, U. S. Atty., and Leo P. Flynn, Asst. U. S. Atty., both of Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The sole question for decision in this case is whether the sentence imposed upon the appellant under the second count of an indictment was excessive. The appellant on March 20 1940, was indicted for two offenses: burglary of the post office at Thunder Hawk, South Dakota, on November 18, 1939, under one count: and theft of government property at the same time and place, under a second count. An endorsement upon the indictment showed that count one was based upon § 315, 18 U.S.C.A., and count two upon § 82, 18 U.S.C.A.[1]

Count two charged: "That Frank H. Sullivan and William H. Oestreich, on or about the eighteenth day of November, 1939, at Thunder Hawk, in the County of Corson, in the State and District of South Dakota, in the northern division thereof and within the exclusive jurisdiction of this Court, the sum of One Hundred Seventy-six and 63/100 Dollars ($176.63), in currency and coins, the exact denominations thereof being to the Grand Jurors aforesaid unknown, lawful money of the United States, then and there being the personal property of and belonging to the United States of America, did unlawfully, wrongfully and feloniously steal, take, carry away and purloin for their own use, with intent then and there, and thereby, to steal and purloin said sums of money, contrary to the Statute of the United States in such case made and provided, and against the peace and dignity of the United States of America."

The appellant on March 22, 1940, entered a plea of guilty to the indictment. He was sentenced to imprisonment for five years under count one, and for ten years under count two, the sentences to run consecutively. On October 2, 1944, he petitioned the District Court to vacate the judgment and to correct the sentence imposed under count two, on the ground that it was excessive. His petition was denied, and he has appealed, asserting that the opinion of this Court in Robinson v. United States, 142 F.2d 431, entitled him to the relief for which he had applied.

The appellant contends that the offense charged in count two of the indictment is the offense defined in § 313, 18 U.S.C.A.[2] That section provides a maximum penalty of imprisonment for three years for the offense which it defines. He also contends that if § 313 does not apply to count two, § 100, 18 U.S.C.A.,[3] does apply. Section 100 provides a maximum penalty of imprison-

---

[1] § 82, 18 U.S.C.A.:

"Whoever shall take and carry away or take for his use, or for the use of another, with intent to steal or purloin, or shall willfully injure or commit any depredation against, any property of the United States, or any branch or department thereof, or any corporation in which the United States of America is a stockholder, or any property which has been or is being made, manufactured, or constructed under contract for the War or Navy Departments of the United States, shall be punished as follows: If the value of such property exceeds the sum of $50, by a fine of not more than $10,000 or imprisonment for not more than ten years, or both; if the value of such property does not exceed the sum of $50, by a fine of not more than $1,000 or by imprisonment in a jail for not more than one year, or both. Value, as used in this section, shall mean market value or cost price, either wholesale or retail, whichever shall be the greater."

[2] § 313, 18 U.S.C.A.:

"Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than $200, or imprisoned not more than three years, or both."

[3] § 100, 18 U.S.C.A.:

"Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

ment for five years for the offense which it defines.

The decision of this Court in Robinson v. United States, 142 F.2d 431, does not compel the conclusion that the sentence imposed upon the appellant Sullivan under count two was excessive. That count did not state that the money stolen by the appellant was "property in use by or belonging to the Post Office Department." The basis for the decision in the Robinson case was that the indictment against Robinson alleged that the money taken was "a part of the postal revenues of the Post Office Department", and therefore charged that the stolen money was property belonging to the Post Office Department, within the meaning of § 313, 18 U.S.C.A.

So far as § 100, 18 U.S.C.A., is concerned, we think that it relates to embezzlement and kindred misappropriations and purloinings of public moneys and property, and that it does not prescribe, and was not intended to prescribe, the maximum penalty for such a theft of property of the United States as was charged in the indictment in suit. See Crabb v. Zerbst, 5 Cir., 99 F.2d 562, 564, 565.

We have no doubt that count two of the indictment was good under § 82, 18 U.S.C.A., the statute which was relied upon by the United States Attorney in drafting that count and by the District Court in imposing sentence. See and compare Jolly v. United States, 170 U.S. 402, 407-408, 18 S.Ct. 624, 42 L.Ed. 1085; Dockter v. White, 8 Cir., 25 F.2d 74; Morrison v. White, 10 Cir., 34 F.2d 244.

The order appealed from is affirmed.