**UNITED STATES of America**
**v.**
**Bartholomew NICASTRO.**
**Crim. No. 43866.**

United States District Court
E. D. New York.
Aug. 21, 1956.

Eleanor J. Franke, Brooklyn, N. Y., for defendant, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Howard B. Gliedman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, in opposition.

RAYFIEL, District Judge.

The defendant has moved under Section 2255 of Title 28, U.S.Code, for an order vacating and setting aside, or correcting, the sentence heretofore imposed upon him on the ground that the same was illegal, invalid and exceeded the maximum prescribed by law, and has asked that a hearing be held on said motion, and the defendant, now confined, be permitted to be present at such hearing.

In the case of Pettway v. United States, 6 Cir., 216 F.2d 106, the Court said, at page 108, "A hearing is not automatically held in every Section 2255 proceeding. One is required where there are substantial issues of fact involved. United States v. Hayman, 342 U.S. 205, 222–223, 72 S.Ct. 263, 96 L.Ed. 232. But a hearing is not required where the question involved is a pure question of law which can be properly disposed of by a consideration of the motion, undisputed facts, and the files and records of the case, as was the situation in the present case." Since the question involved herein is purely one of law, a hearing on the instant motion will not be held.

The facts, briefly stated, are as follows:—On or about March 2, 1955, the defendant was indicted on two counts, each charging him with attempting to evade a large part of the income tax owed by him and his wife for the year therein mentioned by filing and causing to be filed a false and fraudulent joint income tax return, in violation of Section 145(b) of Title 26, U.S.Code. On April 15, 1955, the defendant pleaded guilty to both counts of the indictment. On September 14, 1955, the Court imposed a prison sentence of eighteen months and a fine of $1,000 on each of said counts, the prison sentences to run concurrently.

The defendant claims that the said sentence exceeded the maximum permitted by law. He contends that the acts charged constituted a violation of Section 3616(a) of the Internal Revenue

Code, Title 26, U.S.Code, which makes delivery of a fraudulent return with intent to evade an assessment a misdemeanor, punishable by a fine not exceeding $1,000, or imprisonment not to exceed one year, or both, while Section 145 (b), supra, makes the wilful attempt to evade the payment of a tax a felony, and subjects the offender to a fine not exceeding $10,000, or imprisonment not exceeding five years, or both. He argues further that if the acts charged constituted both a felony and a misdemeanor he should have been prosecuted under Section 3616(a), supra, a misdemeanor; and that the selection by the United States Attorney of Section 145(b), rather than 3616(a), as the statute under which he should be indicted was an unconstitutional exercise of a legislative function.

In support of his contention the defendant cites the case of Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 687. Berra was convicted of wilfully attempting to evade his income taxes for the years 1951, 1952 and 1953 by filing false and fraudulent tax returns in violation of Section 145(b). At the close of the trial judge's charge Berra's counsel asked that the jury be instructed that as to each count a verdict of guilty of the "lesser crime" (apparently Section 3616 (a)) would be permissible. The request was refused. After conviction Berra was sentenced to a longer term of imprisonment than the maximum provided by Section 3616(a). The Court of Appeals, 8th Circuit, affirmed, 221 F.2d 590, and the Supreme Court granted certiorari, 350 U.S. 910, 76 S.Ct. 190, "limited to the question of whether it was error for the trial judge to refuse to give the requested instruction." The Supreme Court, finding no impropriety in the trial judge's refusal of the requested instruction, affirmed the conviction.

The facts in the Berra case were substantially similar to those in the instant case. In the Berra case the Court of Appeals, in affirming the conviction, held that Section 3616(a) did not apply to income tax returns. However, the Government, in its argument before the Supreme Court, agreed that that section *was* applicable to income tax returns. Granting that the acts charged constituted a violation of both Section 145(b) and Section 3616(a) I disagree with the position taken by the Government.

■ Section 145(b) of Title 26, U.S. Code, is specific in its language. It applies to "any tax imposed by this chapter". It forms part of Chapter 1, which relates to *Income Taxes*. Section 3616 (a), on the contrary, is more general in its language, and apparently was intended to refer to all classes of taxes not specifically provided for by other statutes. It forms a part of Chapter 34 of Title 26, U.S.Code, which is entitled: "Information and Returns". It makes it a misdemeanor for one to deliver or disclose "to the collector or deputy any false or fraudulent *list,* return, *account, or statement,* with intent to defeat or evade the *valuation, enumeration, or assessment* intended to be made * * *." (Emphasis added.) The legislative history of both sections appears to indicate that it was the intent of Congress that Section 145(b) *alone* should apply to income tax cases. Both of said sections, with changes in language not here relevant, were retained in the 1954 amendment of the Revenue Code.

■ *Aside* from the foregoing, the defendant's motion lacks merit. The indictment accused him of violating Section 145(b) of Title 26, U.S.Code, a felony. The charges therein contained constituted a violation of that section. The defendant was represented by able and experienced counsel. He made no attack on the validity of the indictment. He voluntarily entered a plea of guilty to both of its counts. He was sentenced in accordance with said statute, and made no objection to the sentence at the time of the imposition thereof.

Accordingly, the motion is denied.