**UNITED STATES of America,
Appellee,**

v.

**James J. MORAN, Appellant.**

**No. 367, Docket 23881.**

United States Court of Appeals
Second Circuit.

Argued June 4, 1956.

Decided Aug. 15, 1956.

Writ of Certiorari Denied Nov. 13, 1956.
See 77 S.Ct. 148.

Joseph Leary Delaney, New York City, for appellant.

Cornelius W. Wickersham, Jr., Chief Asst. U. S. Atty., E. D. New York, Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., E. D. New York, Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

This is an appeal from a judgment of conviction in the Eastern District of New York, on three counts of federal income tax evasion for the calendar years 1948, 1949, and 1950, in violation of § 145(b), I.R.C. of 1939, 26 U.S.C. § 145(b). The defendant was sentenced

to imprisonment for a term of two years on each count, to run concurrently, and to a fine of $7500 on each count.

The evidence showed that the defendant was a First Deputy Fire Commissioner of New York City who received and failed to report a portion of extortion payments collected by members of the Division of Combustibles from contractors who needed permits for installing oil burners. An·extensive review of the evidence is not necessary since there is no claim that the evidence was insufficient to support proof of the *corpus delicti*. The defendant assigns error for denial of his pre-trial motion for change of venue under Rule 21(a), Federal Rules of Criminal Procedure 18 U.S.C.A; for the court's charge that extortion receipts are taxable income; for failure of proof on the issue of willfulness; and· for improper sentencing under the felony provisions of § 145(b), I.R.C. of 1939, rather than under the overlapping misdemeanor provisions of § 3616(a), I.R.C. of 1939, 26 U.S.C. § 3616(a). We will consider these contentions seriatim.

■■ 1. At the time of trial in this case (June 1955), the defendant was already serving a 12½ to 25 year New York State sentence for extortion and conspiracy to extort, and was under an additional 5 year federal sentence for perjury arising out of the Kefauver crime investigation. From the end of 1950 until after the close of the trial the defendant was continually exposed to unfavorable newspaper publicity. In the months immediately preceding the trial the publicity was especially inflammatory. On April 18, 1955, the defendant moved for a change of venue under Rule 21(a). This motion was denied in an unreported opinion by Rayfiel, J., on May 4, 1955. On impaneling the jury on June 13, 1955 only two jurors were excused for cause (one at the Government's request), and the defendant exercised only eight of his ten peremptory challenges.

We think the publicity in this case was more inflammatory than that in the cases cited·by the Government, United States v. Moran, 2 Cir., 194 F.2d 623, certiorari denied 343 U.S. 965, 72 S.Ct. 1058, 96 L.Ed. 1362; Bianchi v. United States, 8 Cir., 219 F.2d 182, 191, certiorari denied 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249; and Dennis v. United States, 84 U.S.App.D.C. 31, 171 F. 2d 986, 992, affirmed 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734. Nevertheless, the background of the trial here differed materially from that in Shepherd v. Florida, 341 U.S. 50, 71 S.Ct. 549, 95 L.Ed. 740, and United States v. Florio, D.C.S.D.N.Y., 13 F.R.D. 296—cases relied on by the defendant in which it was held that changes of venue should be granted. Rule 21(a) of the Federal Rules of Criminal Procedure provides that the trial court shall transfer the proceeding to another district if it is satisfied that the prejudice in its district is so great that the defendant cannot there obtain a fair and impartial trial. In determining whether unfavorable publicity renders a fair trial impossible the court necessarily exercises a wide discretion which should be overturned only upon a clear showing of abuse. Here, especially in view of the lack of difficulty in impaneling a jury satisfactory to the defendant, we cannot say that the discretion was improperly exercised.

■ 2. The extortion receipts were clearly taxable. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833. See United States v. Bruswitz, 2 Cir., 218 F.2d 59, certiorari denied 349 U.S. 913, 75 S.Ct. 600, 99 L.Ed. 1247.

■ 3. There was sufficient evidence of willfulness in "a consistent pattern of underreporting large amounts of income." See Holland v. United States, 349 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. It is asserted in defendant's brief on appeal that the defendant might have relied in good faith during the indictment years (prior to the opinion in Rutkin, supra) on the applicability of C. I. R. v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (holding embezzled funds non-taxable) to extorted funds, and therefore did not willfully evade

his income taxes. As to this, it is enough to say that there was no evidence that the defendant had actually relied on the Wilcox case. The evidence was sufficient to support the finding of willfulness which was implicit in the verdict.

4. The defendant also claims that he was improperly sentenced under 26 U.S.C. § 145(b), under which the indictment was drawn, rather than under 26 U.S.C. § 3616(a). This issue is raised by the defendant for the first time on appeal as a result of the recent Supreme Court decision in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685. That we may consider the question so raised is settled by United States v. Chiarella, 2 Cir., 184 F.2d 903, 911; Rule 52(b), Federal Rules of Criminal Procedure.

The indictment charged the defendant in three counts with willful and knowing attempts to evade and defeat a large part of his income tax due by filing false and fraudulent returns with the Collector of Internal Revenue. It is clear that both the indictment and the proofs introduced at the trial were sufficient to support convictions under either § 145(b)[1] or § 3616(a).[2] The

former is a felony and contains a maximum five year penalty. The latter is a misdemeanor with a maximum one year penalty. Both parties agree that where a general and a specific statute cover the same offense the specific statute controls.[3] The defendant contends that, since § 145(b) deals with "any manner" of evasion, whereas § 3616(a) concerns only the filing of a false return, the latter is more specific. The Government argues that, since § 145(b) deals solely with evasion of the income tax, whereas § 3616(a) deals with disclosure of false information under any chapter of the Internal Revenue Code, the former is more specific.

In this case, as in Berra, there are facts falling within an area defined by the overlapping ambits of these two sections. Nevertheless, each section requires an element of proof not required by the other.[4] This situation is directly controlled by United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61, wherein it was held that where two statutes, each of which proscribe some conduct not covered by the other, overlap, a single act or transaction may violate both, at least where

---

**1.** "§ 145. *Penalties* * * *
  "(b) *Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

**2.** "§ 3616. *Penalties*
  "Whenever any person—
  "(a) *False returns.* Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made * * * he shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or

both, at the discretion of the court, with costs of prosecution."

**3.** See MacEvoy v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163; Washington v. Miller, 235 U.S. 422, 428, 35 S.Ct. 119, 59 L.Ed. 295; Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114; United States v. Chase, 135 U.S. 255, 260, 10 S.Ct. 756, 34 L.Ed. 117; Robinson v. United States, 8 Cir., 142 F.2d 431.

**4.** The Supreme Court in Berra, supra, 351 U.S. at page 134, 76 S.Ct. 685, held only that the statutes were identical with regard to their respective intents and therefore there was no question of fact to be submitted to the jury to choose between degrees of willfulness as in United States v. Spies, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. Aside from the issue of intent, which is identical under both sections, only § 145(b) requires proof that the tax evaded was an *income* tax and only § 3616(a) requires proof that there was a delivery or disclosure of a false statement or return.

**364**

some different proof is required for each offense. United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; United States v. Lange, D.C.S.D.N.Y., 128 F.Supp. 797.

We need not now decide whether prosecution under one overlapping statute constitutes an election effective to bar prosecution under the other. It is sufficient for present purposes that the defendant was properly convicted and sentenced under § 145(b) of the Internal Revenue Code of 1939.

Affirmed.