**UNITED STATES of America**
v.
**James S. YUNCKER.**
**Nos. IP 56–CR–22, IP 56–CR–23.**

United States District Court
S. D. Indiana, Indianapolis Division.
Dec. 19, 1956.

98

Jack C. Brown, U. S. Atty., and Don Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for the government.

Merle H. Miller and Wesley A. Dierberger of Ross, McCord, Ice & Miller, Indianapolis, Ind., for the defendant.

STECKLER, Chief Judge.

These cases came before the court on the defendant's motion to dismiss Counts I, II and III of the indictment in each case, and on motions to postpone the trial until the United States Supreme Court shall have indicated in cases pending before it whether such counts are barred by the statute of limitations. The indictment in Cause No. IP 56–CR–22 is in four counts and pertains to the defendant's individual income tax for the calendar years 1949, 1951, 1952 and 1953. The indictment in Cause No. IP 56–CR–23 is drawn against the defendant with respect to the corporate income tax of the Coca-Cola Bottling Company-Indianapolis-Incorporated, of which he was president, for the calendar years 1949, 1950, 1951, 1952 and 1953. Each indictment charges the defendant with the violation of Title 26 U.S.C.A. § 145(b), Internal Revenue Code of 1939.

The cases have been ordered consolidated for trial, and, if defendant's motions to dismiss are meritorious, it will result in six of the nine counts in the indictments being dismissed.

Defendant's motions to dismiss raise the question as to whether the so-called short form of indictment currently in use by the Department of Justice, charging an attempt to defeat or evade income tax by the filing of a false and fraudulent return, states a felony under § 145(b) [1] or only a misdemeanor under § 3616(a) [2] of the Internal Revenue Code of 1939.

The motions to dismiss were precipitated by the decision of the Supreme Court in Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685. The motions to dismiss are based upon the ground that the prosecution for the years covered by each of the first three counts in each of the indictments is barred by the 3-year statute of limitations as provided in § 3748(a) [3] of the Internal Revenue Code of 1939, which was in effect at the time of the alleged offenses.

Defendant argues that until the decision of the Supreme Court on April 30, 1956, in the Berra case, supra, it had been universally assumed that § 145(b) was controlling when one was charged with filing a false and fraudulent return with intent to defeat or evade income tax. He claims, however, in the Berra case, the court decided, and the court held,

1. "(b)  *  *  *  Any person  *  *  * who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. "Whenever any person—
"(a) False returns. Delivers or discloses to the collector  *  *  *  any false or fraudulent list, return,  *  *  * with intent to defeat or evade the  *  *

assessment intended to be made;
*    *    *    *    *
he shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

3. "§ 3748. Periods of limitation
"(a) Criminal prosecutions. No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except  *  *."

that the offense of filing a false and fraudulent return with intent to defeat or evade tax came under § 145(b) *and* § 3616(a) of the Internal Revenue Code of 1939, and that no fact could be proved under one statute that could not be equally proved under the other. Accordingly, the defendant takes the position that the holding in the Berra case raises the question as to whether the 3-year statute of limitations applicable to offenses under § 3616(a) is applicable to the counts of these indictments in lieu of the 6-year statute of limitations as has been assumed prior to the Berra decision.

Counsel for defendant state they were not aware of the Berra decision or its implications at the time of filing a prior motion to dismiss in each of these cases. They say further that the motions raising the bar of the statute of limitations to six counts contained in the indictments are filed under the exception provided to Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and that the filing of these motions was done as promptly as research would permit. Assuming this to be true, the court will consider the merits of the motions.

The Berra decision seems to have created some doubt as to the validity of the short form indictment, at least to the extent that it is being relied upon to attack the validity of sentences imposed under § 145(b).

Berra was indicted under indictments similar in material respects to the indictments here involved. At the close of the evidence, the trial judge was requested to charge the jury as to each count of the indictment that a verdict of guilty of the " 'lesser crime' under § 3616(a) would be permissible." The trial court refused to give the tendered instruction, and after conviction, Berra was sentenced to a term of imprisonment greater than the maximum provided by § 3616(a). The Court of Appeals for the Eighth Circuit affirmed the trial court, 221 F.2d 590, and thereafter the Supreme Court granted certiorari, 350 U.S. 910, 76 S.Ct. 190, but limited certiorari "to the question of whether it was error for the trial judge to refuse to give the requested instruction." Berra v. U. S., 351 U.S. 131, 133, 76 S.Ct. 685, 100 L.Ed. 1013. The Supreme Court found no impropriety in the trial judge's refusal to give the tendered instruction and affirmed conviction.

Since the Berra decision, written opinions dealing with this problem have been handed down in the following cases: United States v. H. J. K. Theater Corp., 2 Cir., 1956, 236 F.2d 502; United States v. Moran, 2 Cir., 236 F.2d 361, certiorari denied 77 S.Ct. 148; Smith v. United States, 8 Cir., 236 F.2d 260, certiorari denied 77 S.Ct. 148; United States v. Achilli, 7 Cir., 234 F.2d 797, certiorari denied 77 S.Ct. 214; United States v. Hoover, 3 Cir., 233 F.2d 870, certiorari denied 1956, 352 U.S. 840, 77 S.Ct. 62. As of this date, certiorari has been denied in each of these cases except the first, in which a petition is now pending.

In the case of United States v. Achilli, supra, the problem was raised for the first time on petition for rehearing. The court following the course marked out by the Supreme Court in the Berra case did not deal directly with the overlapping of the two statutes since the issue had not been raised in the court below. As to the matter being raised for the first time on appeal, the court said, 234 F.2d at page 808:

"A rather troublesome question raised by the petition is one upon which defendant did not rely either in the trial court or before us on appeal, namely, that the sentence is invalid. * * * Defendant now contends, for the first time, that the charge contains the elements of the misdemeanor defined in 26 U.S.C. § 3616(a), (I.R.C.1939) [2] [reference omitted], that those elements and those of the felony are in all respects identical and that, therefore, it was error for the trial court to impose a sentence greater than that prescribed for the misdemeanor by § 3616(a)."

The court then concluded:

"We can only conclude that the majority opinion in Berra inherently impels a determination that the question before us does not reflect plain error. Rule 52(b) was designed to reach errors of such a substantial nature that they would, if not corrected, result in a manifest miscarriage of justice. United Brotherhood of Carpenters v. United States, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; United States v. Vasen, 7 Cir., 222 F.2d 3, certiorari denied, 350 U.S. 834 [76 S.Ct. 70]."

As to the validity of the indictment to charge a felony under § 145(b), the court at 234 F.2d 808, said:

"As we have previously stated, the indictment charged three separate attempts to evade income taxes by filing false and fraudulent returns, a charge which has been repeatedly held to allege the felony defined in Section 145(b).[1] [Reference omitted.] See e. g. United States v. Beacon Brass Co., 344 U. S. 43, 73 S.Ct. 77, 97 L.Ed. 61; United States v. Raub, 7 Cir., 177 F.2d 312; United States v. Rosenblum, 7 Cir., 176 F.2d 321, certiorari denied 338 U.S. 893, 70 S.Ct. 239, 94 L.Ed. 548. * * *"

In the case of United States v. H. J. K. Theater Corp., supra, a case dealing with overlapping sections of the Internal Revenue Code of 1939, i. e., §§ 1718(a) and 1718(b), a part of the language of which is similar to that contained in § 145(b) and § 3616(a), Judge Frank of the Court of Appeals for the Second Circuit expressed some doubt as to the interpretation of the Supreme Court's decision in the Berra case. He said at 236 F.2d 505:

"Defendants, relying on Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, contend that we should remand for resentencing under 26 U.S.C. § 3616(a). They also suggest that the Berra case may require dismissal of the indictments. We reject defendants' contention for reasons stated in United States v. Moran, 2 Cir., 236 F.2d 361.

"The writer of this opinion has some doubt about that reasoning. The question considered by the Supreme Court in Berra was confined to the rejected request for an instruction to the jury. The Court did not discuss Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, or United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61. If those cases were pertinent, it would seem that the Court would have affirmed, merely citing those cases. There is language in Berra which can be read as holding that the coverage of the two statutes is in all respects identical, and that the question as to which statute applied was not for the jury but solely for the judge when he came to sentencing. Berra can then perhaps be construed to mean that the judge improperly imposed the sentence for conviction of a felony. On that interpretation, we should, in the instant case, remand for resentencing under the misdemeanor statute. However, the writer is not sure enough about the above interpretation of Berra to justify his dissenting here."

The court in the H. J. K. Theater Corp. case held that the evidence was sufficient to support conviction and accordingly affirmed. Contrary to the view adopted by the Appeals Court in the Achilli case, supra, the Court of Appeals for the Second Circuit in the Moran case, supra, wherein, among other grounds, the defendant assigned as error for the first time on appeal, improper sentencing under the felony provisions of § 145(b) rather than under the overlapping misdemeanor provisions of § 3616(a), did consider and rule upon the asserted ground for appeal.

At 236 F.2d 363, the court said:

" * * * This issue is raised by the defendant for the. first .time on

appeal as a result of the recent Supreme Court decision in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685. That we may consider the question so raised is settled by United States v. Chiarella, 2 Cir., 184 F. 2d 903, 911; Rule 52(b), Federal Rules of Criminal Procedure.

"The indictment charged the defendant in three counts with willful and knowing attempts to evade and defeat a large part of his income tax due by filing false and fraudulent returns with the Collector of Internal Revenue. It is clear that both the indictment and the proofs introduced at the trial were sufficient to support convictions under either § 145(b)[1] or § 3616(a)[2] [references omitted]. * * * Both parties agree that where a general and a specific statute cover the same offense the specific statute controls.[3] [Citing in footnote: "MacEvoy [Co.] v. United States, 322 U.S. 102, 107, 64 S. Ct. 890, 88 L.Ed. 1163; Washington v. Miller, 235 U.S. 422, 428, 35 S. Ct. 119, 59 L.Ed. 295; Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114; United States v. Chase, 135 U.S. 255, 260, 10 S.Ct. 756, 34 L.Ed. 117; Robinson v. United States, 8 Cir., 142 F.2d 431."] The defendant contends that, since § 145(b) deals with 'any manner' of evasion, whereas § 3616(a) concerns only the filing of a false return, the latter is more specific. The Government argues that, since § 145 (b) deals solely with evasion of the income tax, whereas § 3616(a) deals with disclosure of false information under any chapter of the Internal Revenue Code, the former is more specific.

"In this case, as in Berra, there are facts falling within an area defined by the overlapping ambits of these two sections. Nevertheless, each section requires an element of proof not required by the other.[4] [Citing in footnote: "The Supreme Court in Berra, supra, 351 U.S. at page 134, 76 S.Ct. 685, held only that the statutes were identical with regard to their respective intents and therefore there was no question of fact to be submitted to the jury to choose between degrees of willfulness as in United States v. Spies, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. Aside from the issue of intent, which is identical under both sections, only § 145(b) requires proof that the tax evaded was an income tax and only § 3616(a) requires proof that there was a delivery or disclosure of a false statement or return."] This situation is directly controlled by United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61, wherein it was held that where two statutes, each of which proscribe some conduct not covered by the other, overlap, a single act or transaction may violate both, at least where some different proof is required for each offense. United States v. Gilliland, 312 U.S. 86, 61 S. Ct. 518, 85 L.Ed. 598; United States v. Lange, D.C.S.D.N.Y., 128 F.Supp. 797."

In United States v. Hoover, supra, the Court of Appeals for the Third Circuit dealt specifically with the question of sufficiency of the so-called short form of indictment to charge a felony under § 145(b). At 233 F.2d 872 the court said:

"The appellant contends that the 'signing and tendering' of a false return charged in the indictment does not constitute a violation of Section 145(b). We disagree. Section 145 (b) does not contain any limiting specifications as to what conduct will constitute a violation of the section. On the contrary, that which is prohibited is an attempt to evade or defeat taxes *in any manner*. In Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, the Supreme Court had occasion to interpret Section 145(b) and made it clear that Congress did not 'define

or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation.' 317 U.S. at page 499, 63 S. Ct. at page 368.

"It is true that in Spies, the Court said that the 'attempt to evade or defeat' had to be found in some *affirmative* willful action by the taxpayer, but the Court explicitly stated that it was not constricting the scope of the Congressional provision that an 'attempt' may be accomplished 'in any manner.' So long as there exists affirmative and positive conduct coupled with a tax-evasion motive, a Section 145(b) violation exists. 317 U.S. at page 499, 63 S.Ct. at page 368. See United States v. Croessant, 3 Cir., 1949, 178 F.2d 96; United States v. Albanese, 2 Cir., 1955, 224 F.2d 879.

"We think that the present indictment contains charges of affirmative actions which are sufficient to constitute a violation of Section 145(b). It states that the defendant signed his name to an income tax return with knowledge that the return did not correctly state his income, and tendered the return to an Internal Revenue Service official at Altoona. That the indictment does not explicitly state whether or not the tender was accepted is immaterial. The tender was a positive, affirmative attempt to evade taxes. We do not see why it should make a difference whether the Internal Revenue Service official accepted or refused the tender. Either would not make the defendant's attempt any the less an attempt."

In the Hoover case, supra, as in the Berra case, the defendant on appeal urged as a ground for reversal error on the part of the trial court in refusing to charge the jury concerning the misdemeanor under § 3616(a). The defendant contended that the misdemeanor of violating § 3616(a) was necessarily included in the felony for which he was indicted and convicted under § 145(b), that therefore under Rule 31(c) of the Federal Rules of Criminal Procedure he was entitled to have the jury charged as to both offenses. This, of course, the appellate court rejected on the authority of the Berra decision.

This problem in relation to the different periods of limitation apparently applicable to the two sections was raised in the Smith case, supra. That case, however, arose in the Eighth Circuit and was disposed of by the appellate court, as in Berra, on the ground that § 3616(a) did not relate to income taxes, 236 F.2d 269.

Also, at least two trial courts have found occasion to express themselves on the contention which the defendant here advances. United States v. Allied Stevedoring Corp., D.C.S.D.N.Y.1956, 143 F. Supp. 947; United States v. Nicastro, D.C.E.D.N.Y.1956, 143 F.Supp. 756, 757. In each instance a sentence was attacked, though by different procedural devices, and, in each instance, the validity of the sentence was affirmed. This result, again in each case, was supported by at least two grounds.

The theory of the defendant is insufficient to overcome the sheer weight of the rule as established by precedent, which is uniformly against him and which this court deems binding upon it. While some questions of law relating to the sufficiency of the evidence may yet be raised at the trial, it seems clear that the various counts of each indictment charge the commission of a felony under § 145(b) of the Internal Revenue Code. The motion to dismiss in each case is accordingly overruled. Similarly, the motions to postpone are overruled, and these cases will stand for trial on the merits on January 15, 1957.