James J. Moran v. Commissioner. James J. Moran and Josephine Moran v. Commissioner.
Moran v. Commissioner
Docket Nos. 69060, 69061.
United States Tax Court
T.C. Memo 1962-81; 1962 Tax Ct. Memo LEXIS 228; 21 T.C.M. (CCH) 416; T.C.M. (RIA) 62081; April 10, 1962
Eugene J. Moran, Esq., for the petitioners. Howard B. Sweig, Esq., Arthur S. O'Neill, Esq., and John J. O'Toole, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax against petitioner James J. Moran for 1947 and against both petitioners, husband and wife, for 1948-1950, as follows: Additions to Tax, I.R.C. 1939
Year
Income Tax
Sec. 293(b)
Sec. 294(d)(1)(A)
Sec. 294(d)(2)
Docket No. 69060: 1947
$ 2,563.91
$ 1,281.96
$ 224.82
$ 149.88
Docket No. 69061: 1948
$54,168.76
$27,084.38
$4,911.54
$3,274.36
1949
71,233.76
35,616.88
6,411.69
4,274.46
1950
36,524.08
18,262.04
3,308.15
2,205.44
*229 The parties have filed a stipulation of facts which includes, among other materials, a transcript of all testimony taken before the United States District Court for the Eastern District of New York where James J. Moran (hereinafter sometimes referred to as petitioner) was tried and found guilty on charges of willful attempted evasion of joint income taxes for the years 1948, 1949 and 1950, in violation of Section 145(b) of the Internal Revenue Code of 1939. The judgment of conviction was affirmed, 236 F. 2d 361 (C.A. 2), and the Supreme Court denied certiorari, 352 U.S. 909. Although we heard a small amount of testimony presented by the Government, all of the evidence necessary for the disposition of these cases is contained in the stipulation of facts and accompanying exhibits. Petitioners presented no other evidence. The deficiencies involved are barred by limitations unless the returns were false or fraudulent with intent to evade tax. Section 276(a), Internal Revenue Code of 1939. The burden of proof was upon the Government to establish such fraud by clear and convincing evidence. The year 1947 was not involved in the criminal proceeding, and petitioner's *230 counsel objected to the admission of any evidence relating to any amounts paid to, or received by, petitioner in that year which might have constituted unreported income. Such evidence as there is in the transcript of the testimony taken in that proceeding relating to 1947 discloses that during the months of September through December of that year money was collected by three inspectors who turned it over to James F. Smith, and that, after deducting amounts for the inspectors and for himself, Smith "eventually gave" the remainder to Moran. There is no clear and convincing evidence from which we can find that Smith made payments to Moran during 1947, and in the circumstances the collection of the deficiency and additions to tax determined by respondent for that year is barred by limitations. Testimony in the transcript of the criminal proceeding clearly and convincingly discloses that petitioner received substantial amounts of unreported income during each of the years 1948, 1949 and 1950; that the return filed for each of those years was false and fraudulent with intent to evade tax; and that at least part of the deficiency for each year is due to fraud with intent to evade tax. *231 Although the burden of proving fraud with respect to the years 1948, 1949 and 1950 was upon the respondent, the burden of proving error in his determination of the basic deficiencies was upon petitioners. They have not shown any error in the Commissioner's determination in this regard, and it must therefore be approved. Since the Commissioner has admitted error in determining additions to tax under Section 294(d)(2) for the years 1948, 1949 and 1950, and we have determined that petitioner is not liable for the deficiency and additions to tax determined for the year 1947, Decision will be entered for the petitioner in Docket No. 69060, and Decision will be entered under Rule 50 in Docket No. 69061.