**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Donald Richard LEEMAN, Defendant.**

**Cr. No. 447 L.**

United States District Court
D. Nebraska.

Oct. 23, 1967.

MEMORANDUM and
ORDER

VAN PELT, District Judge.

This matter is before the court upon a motion to correct an illegal sentence, filed under Rule 35, Federal Rules of Criminal Procedure. The defendant claims that the sentence of ten years imprisonment levied by this court under Count II of the indictment is illegal.

He bases this claim on the proposition that although the indictment states that it is charging a crime under Tit. 18, U.S.C.A. § 641, it really charges a crime under Tit. 18, U.S.C.A. § 1707. The maximum penalty under the former section is ten years; under the latter it is three years.

Section 641 is the general theft statute and provides in material part as follows: "Whoever * * * steals * *

money, or thing of value of the United States or of any department or agency thereof, * * * [shall be punished]."

Section 1707 provides, in material part, as follows: "Whoever steals * * * any property used by the Post Office Department * * * [shall be punished]."

The indictment in question charged the movant with the crime of stealing money, postage stamps, and money orders, "of the property and money of the United States."

On its face, the indictment would seem to charge a crime under § 641 rather than § 1707. However, the movant relies on the case of Robinson v. United States, 142 F.2d 431 (8th Cir., 1944) to bring about an opposite result. In that case, the movant had been charged with stealing money from a post office which was part of "the postal revenue." The indictment named, and petitioner was convicted under the provisions of § 99 of Tit. 18 which was the predecessor of § 641. He claimed he should have been sentenced under § 313 of Tit. 18, which was the predecessor to § 1707. The court upheld this claim.

At p. 432, the court said: "Section [313] is clear and unambiguous and prescribes a penalty of 'not more than three years imprisonment' for stealing any property *belonging* to the Post Office Department." (Emph. added) The court then went on to hold:

"Elementally, the special [313] stands against the general [99]. That is, where there is a law against any stealing, and another and different law against stealing some particular thing, the two laws do not invalidate each other by conflict, but the courts treat the law against stealing the particular thing as presenting an exception to the law against stealing things in general." Id. at 432.

The court then held that since § 313 applied, § 99 could not and ordered the sentence corrected.

The *Robinson* case seems inconsistent, however, with the cases of Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085 (1898) and Dockter v. White, 25 F.2d 74 (6th Cir. 1928). In the former case, the Supreme Court affirmed a conviction of theft of postage stamps which was brought under former § 99 rather than § 313. In the latter case, the court refused to set aside a sentence levied under § 99 for theft of money orders in the face of a challenge similar to the one made in the *Robinson* case. The reasoning in the latter case was based upon the proposition that the question should have been raised on direct appeal and not by a motion to correct sentence.

In addition, the vitality of the *Robinson* case to anything beyond its specific facts is open to serious question since the case of Sullivan v. United States, 149 F.2d 753 (8th Cir. 1945). In the *Sullivan* case, the facts were almost identical to those in *Robinson*. The court distinguished *Robinson* as follows:

"The basis for the decision in the Robinson case was that the indictment against Robinson alleged that the money taken was 'a part of the postal revenues of the Post Office Department', and therefore charged that the stolen money was property belonging to the Post Office Department, within the meaning of § 313, 18 U.S.C.A."

The court then held that because the indictment in *Sullivan* charged that the property belonged to the United States, it was properly brought under § 99. See also the dissent in Robinson and the case of Conerly v. United States, 350 F.2d 679 (9th Cir. 1965).

The indictment returned against Mr. Leeman in this case also contains the allegation that the property stolen belonged to the United States, rather than the Post Office Department. Thus, the rationale in *Sullivan* would seem to re-

move this case from the pale of *Robinson*.

However, another reason exists which dictates that the motion must be overruled. The statute under which the *Robinson* case was decided, § 313, provided punishment for the theft of property "in use by or belonging to" the Post Office Department. When this section was revised to become § 1707, the above quoted phrase was deleted and the phrase "used by" was substituted in its place. The revisor's note under this section, 18 U.S.C.A. § 1707, indicates that this was done to limit the section to property used by the Post Office Department, and property belonging to the agency was to be covered by § 641, Tit. 18 U.S.C.A.

██ It could be intelligently argued that the section now only applies to property used by, but not owned by, the Post Office Department. But this revision has an additional effect also. Now it is possible that theft of certain property would be covered by § 1707 but not by § 641, and vice versa, and different proof is required under § 1707 than by § 641. Under the former section, the United States must prove only that the property is used by the Post Office Department, while under the latter, it must prove that the property is owned by the United States or one of its agencies. Where two statutes, each of which proscribe some conduct not covered by the other, overlap, a single act may violate both, at least where some different proof is required for each offense. United States v. Beacon Brass Co., 344 U.S. 43, 73 S. Ct. 77, 97 L.Ed. 61 (1952); United States v. Moran, 236 F.2d 361 (2nd Cir. 1956).

It is the opinion of this court that the motion is without merit and should be denied.

It is ordered that the Motion to Correct an Illegal Sentence is hereby overruled and denied.