**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**John Michael DEGGS,
Defendant–Appellee.**

**No. CA 79–1682.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1980.

Decided Nov. 14, 1980.

Arthur Mabry, Los Angeles, Cal., on brief, for plaintiff–appellant.

Andrea Sheridan Ordin, U. S. Atty., Nancy Wieben Stock, Asst. U. S. Atty., Los Angeles, Cal., on brief, for defendant–appellee.

Before WALLACE and SCHROEDER, Circuit Judges, and CORDOVA *, District Judge.

CORDOVA, District Judge:

This appeal is taken by John Michael Deggs who was indicted and convicted under 18 U.S.C. § 1707 of theft or appropria-

* Honorable Valdemar A. Cordova, United States District Judge for the District of Arizona, sitting by designation.

tion of certain property used by the U.S. Postal Service. Appellant contends that he should have been charged under 18 U.S.C. § 641 for stealing property owned by the United States or any department or agency thereof.

■ Where the same conduct may violate two statutes, the Government may elect to prosecute under either one, absent a manifest legislative intent to the contrary.

The Government, in its proper discretion, indicted and convicted the defendant of violating 18 U.S.C. § 1707; this the Government had the right to do under the facts here presented.

We affirm.

## FACTS

On or about December 21, 1978, defendant Deggs and two associates were found at the scene of a recently stolen U.S. Postal Inspection Service Van. The van was owned by the Postal Service and was being used by it at that time in the conduct of a criminal surveillance.

The van was driven to a location about one mile from the point of its taking and parked on a residential street. The evidence showed that the defendant Deggs and the other defendants stole the van or appropriated it to their own use (joyriding). Deggs also appropriated a service revolver owned by, and at the time was in the official use of, the Postal Service.

## ISSUE

The question presented on appeal is whether the defendant Deggs should have been charged under 18 U.S.C. § 641 for taking property "owned by" the United States, or under 18 U.S.C. § 1707 for taking property "used by" the Postal Service.

## DISCUSSION

■ The case before us presents the unusual situation where the defendant was indicted and convicted of the lesser of two possible offenses, yet contends his conviction should be reversed because he should have been charged under the statute which carries the greater penalty. While the result the defendant seeks and the possible effect upon him may fuel the fires of a curious mind, the basic underlying issue previously stated warrants this court's attention.

The prosecution of this case was pursuant to § 1707 which provides in part:

Whoever steals, purloins, or embezzles any property used by the Postal Service, or appropriates any such property to his own or any other than its proper use, or conveys away any such property to the hindrance or detriment of the public service, shall be fined not more than $1,000 or imprisoned not more than three years, or both . . . .

It is the defendant's contention that this action should have been brought pursuant to § 641 which provides in part:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . .

. . . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both . . . .

This court has previously encountered a number of situations where certain conduct is proscribed by more than one statute. We agree with the rule that " 'where an act violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute.' " *United States v. Jones*, 607 F.2d 269, 271 (9th Cir. 1979), *quoting United States v. Castillo–Felix*, 539 F.2d 9, 14 (9th Cir.1976); *United States v. Gomez–Tostado*, 597 F.2d 170, 174 (9th Cir.1979).

The defendant asserts that Congress intended to disallow prosecution under § 1707 in a fact situation such as that before us.

When the predecessor of § 1707[1] was revised and became § 1707, the language "in use by or belonging to" was deleted and the phrase "used by" was substituted. Defendant Deggs argues that this section now applies to those situations where property is "used by" the Postal Service without ownership and that § 641 applies in all those instances where either ownership alone exists or ownership and use exist concurrently. The defendant's basis for this contention is the reviser's note to § 1707 which states that the revision was made "in order to limit the application of the section to property used by the Post Office Department. Theft of public property belonging to governmental departments is covered by section 641 of this title." H.R.Rep. No. 304, 80th Cong., 1st Sess. A117 (1947).

In our opinion the legislative history appears to be sufficiently ambiguous that it does not show a congressional intent to disallow prosecution under § 1707 where conduct also violates § 641. The reviser's note to § 1707 relied on by defendant does not plainly indicate which statute should be applied to property that is both owned and used by the Postal Service. In fact, the reviser's note could reasonably be construed as a measure to prevent challenge to § 641 prosecutions involving Postal Service property on the grounds that such prosecutions can only be brought under § 1707, whereas § 641 is limited to thefts from other governmental agencies.

Although the defendant cites two cases which affirmed the application of § 641, neither case implied that conduct which violates both statutes could be prosecuted only under § 641, or, for that matter, only under § 1707. *United States v. Pursley*, 431 F.2d 961 (5th Cir.), *cert. denied*, 400 U.S. 879, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970); *United States v. Leeman*, 287 F.Supp. 279 (D.Neb. 1967), *aff'd*, 398 F.2d 835 (8th Cir.1968), *cert. denied*, 393 U.S. 1035, 89 S.Ct. 653, 21 L.Ed.2d 580 (1969). The *Leeman* case is the only one which touched upon the legislative intent behind the enactment of § 1707. In *Leeman*, the defendant was charged with a crime under § 641 and the defendant argued the proper charge was under § 1707. The court implied that the defendant could have been prosecuted under either statute:

It could be intelligently argued that the section now only applies to property used by, but not owned by, the Post Office Department. But this revision has an additional effect also. Now it is possible that theft of certain property would be covered by § 1707 but not § 641, and vice versa, and different proof is required under § 1707 than by § 641. Under the former section, the United States must prove only that the property is used by the Post Office Department, while under the latter, it must prove that the property is owned by the United States or one of its agencies. ...

287 F.Supp. at 281.

The above principle and statutory interpretation is sound and applicable to situations like the one presently before this court. Not only is the proof of ownership different, but the first paragraph of § 641 that is relevant in this case requires that a defendant steal or convert the property. Thus, proof of an intent to permanently deprive the owner of property is required to convict under § 641, but not necessarily under § 1707. As herein, under facts which may support a joyriding offense, the prosecution might reasonably elect to prosecute under § 1707 which imposes the lesser penalty. Additionally, the prosecution should not be forced to prove ownership and run the risk of dismissal when the evidence at hand clearly supports a "used by" theory.

Accordingly, this court finds no specific legislative intent to disallow the use of § 1707. Under these circumstances, the ex-

1. Act of Mar. 4, 1909, ch. 321, § 190, 35 Stat. 1124 (18 U.S.C. § 313 (1940)) stated as follows:

Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post–Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, shall be fined not more than two hundred dollars, or imprisoned not more than three years, or both.

ercise of prosecutorial discretion to prosecute under § 1707 should not be disturbed.

AFFIRMED.